

# The Attorney General of Texas

May 10, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-316

Re:    Whether a municipal court
has jurisdiction to try a Class
C non-traffic misdemeanor case
involving a defendant under the
age of seventeen

Dear Senator Mauzy:

You have asked whether a municipal court has jurisdiction to try
a Class C misdemeanor offense, excluding traffic offenses, involving a
fifteen or sixteen-year-old defendant who has fewer than three prior
Class C misdemeanors, including the one to be tried.  Section 51.08 of
the Family Code reads as follows:

> If the defendant in a criminal proceeding is a
> child who is charged with an offense other than
> perjury or a traffic offense, unless he has been
> transferred to criminal court under Section 54.02
> of this code, the court exercising criminal juris-
> diction shall transfer the case to the juvenile
> court, together with a copy of the accusatory
> pleading and other papers, documents, and tran-
> scripts of testimony relating to the case, and
> shall order that the child be taken to the place
> of detention designated by the juvenile court, or
> shall release him to the custody of his parent,
> guardian, or custodian, to be brought before the
> juvenile court at a time designated by that court.

See also Penal Code 18.07.

A municipal court does not have jurisdiction over these offenses
because if prosecution is instituted in a municipal court, section
51.08 of the Family Code requires that the case be transferred to
juvenile court.  Unless jurisdiction is waived, the juvenile court
then has exclusive jurisdiction of delinquent conduct and conduct
indicating a need for supervision of a juvenile and the proceedings
under title 3 of the Family Code, which are not criminal prosecutions.

## S U M M A R Y

A municipal court does not have jurisdiction over a Class C misdemeanor offense involving a juvenile who has fewer than three prior Class C misdemeanor convictions.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton